IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ROSE MARIE DAVIS                                                                PLAINTIFF

v.                                            CIVIL NO. 15-5026

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                  DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Rose Marie Davis, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed her current applications for DIB and SSI on July 11, 2011, alleging an inability to work since July 1, 2011, due to sleep apnea, blackouts, emphysema, back pain, and hip pain. (Tr. 152, 156, 179). An administrative video hearing was held on June 10, 2013, at which Plaintiff appeared with counsel and testified. (Tr. 38-77).

By written decision dated July 12, 2013, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 22). Specifically, the ALJ found Plaintiff had the following severe impairments: obesity, and

chronic obstructive pulmonary disease (COPD)/emphysema. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4.  (Tr. 23).  The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) in that the claimant is able to lift and/or carry 50 pounds occasionally and 25 pounds frequently, stand and/or walk 6 hours in an 8-hour workday, and sit 6-8 hours in an 8-hour workday.  He (sic) should avoid crawling and avoid exposure to fumes, odors, dusts, toxins, gases, or poor ventilation.

(Tr. 23).  With the help of a vocational expert, the ALJ determined Plaintiff could perform her past relevant work as a fast food worker and a cook's helper.  (Tr. 26).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on December 6, 2014. (Tr. 1-4).  Subsequently, Plaintiff filed this action. (Doc. 1).  This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision.  (Docs. 10, 11).

The Court has reviewed the entire transcript.  The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.     Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  <u>Ramirez v. Barnhart</u>, 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  <u>Edwards v. Barnhart</u>, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that

supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§ 423(d)(1)(A), 1382c (a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(C). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age,

education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

### III.　Discussion:

Plaintiff argues the following issues on appeal: 1) the ALJ erred in determining Plaintiff's RFC; and 2) the ALJ erred in determining Plaintiff could return to her past relevant work.

#### A.　RFC Assessment:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect h[er] RFC." Id.

In finding Plaintiff able to perform medium work with limitations, the ALJ considered Plaintiff's subjective complaints, her medical records, and the evaluations of the examining and non-examining medical examiners. Plaintiff's capacity to perform this level of work is supported by the fact that Plaintiff's examining physicians placed no restrictions on her activities that would preclude performing the RFC determined during the relevant time period.

4

See Hutton v. Apfel, 175 F.3d 651, 655 (8th Cir. 1999) (lack of physician-imposed restrictions militates against a finding of total disability. After reviewing the entire transcript, the Court finds substantial evidence supporting the ALJ's RFC determination for the time period in question.

### B. Subjective Complaints and Credibility Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards, 314 F.3d at 966.

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. A review of the record reveals that Plaintiff was able to do light housekeeping; to do yard work, including mowing the yard; to take care of her personal hygiene; to drive; and to prepare simple meals for she and her husband. The record also reveals that she quit her most recent employment due to the behavior of a co-worker, not her alleged disabilities.

With respect to Plaintiff's alleged shortness of breath, the ALJ discounted the seriousness of this alleged impairment, as the record revealed Plaintiff smoked up to two

5

packages of cigarettes a day, up until one month prior to the administrative hearing. Mouser v. Astrue, 545 F.3d 634, 638 (8th Cir. 2008)(where claimant's smoking had a direct impact on his impairments, the ALJ appropriately considered claimant's failure to stop smoking in making his credibility determination).

Therefore, although it is clear that Plaintiff suffers with some degree of limitation, she has not established that she is unable to engage in any gainful activity. Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

### C. Past Relevant Work:

Plaintiff has the initial burden of proving that she suffers from a medically determinable impairment which precludes the performance of past work. Kirby v. Sullivan, 923 F.2d 1323, 1326 (8th Cir. 1991). Only after the claimant establishes that a disability precludes the performance of past relevant work will the burden shift to the Commissioner to prove that the claimant can perform other work. Pickner v. Sullivan, 985 F.2d 401, 403 (8th Cir. 1993).

According to the Commissioner's interpretation of past relevant work, a claimant will not be found to be disabled if she retains the RFC to perform:

> 1. The actual functional demands and job duties of a particular past relevant job; *or*
>
> 2. The functional demands and job duties of the occupation as generally required by employers throughout the national economy.

20 C.F.R. §§ 404.1520(e); S.S.R. 82-61 (1982); Martin v. Sullivan, 901 F.2d 650, 653 (8th Cir. 1990)(expressly approving the two part test from S.S.R. 82-61).

The Court notes in this case the ALJ relied upon the opinion of a vocational expert when he found Plaintiff's past relevant work as a fast food worker and a cook's helper are considered medium work in the Dictionary of Occupational Titles. See Gilbert v. Apfel, 175 F.3d 602, 604 (8th Cir. 1999) ("The testimony of a vocational expert is relevant at steps four and five of the Commissioner's sequential analysis, when the question becomes whether a claimant with a severe impairment has the residual functional capacity to do past relevant work or other work") (citations omitted).

While Plaintiff argues that the ALJ failed to make explicit findings regarding Plaintiff's past relevant work, the ALJ set forth the exertional level of Plaintiff's past relevant work in the decision.  The ALJ also used vocational expert testimony at the administrative hearing to discuss the skill and exertional level of Plaintiff's past relevant work.  See Walter v. Apfel, 998 F. Supp. 1078, 1083 (E.D. Mo. 1998).  Accordingly, the Court finds substantial evidence to support the ALJ's finding that Plaintiff could perform her past relevant work as a fast food worker and a cook's helper.

**IV.     Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed.  The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 29th day of January, 2016.

/s/ *Erin L. Setser*
 HON. ERIN L. SETSER
 UNITED STATES MAGISTRATE JUDGE